**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER CLARK** **Case No.**

**Plaintiff,**

**v.**

**AETNA LIFE INSURANCE COMPANY**

**A Foreign Corporation,**

**Defendant.**

## COMPLAINT

The Plaintiff, Christopher Clark, by and through undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA") and alleges:

## GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. Defendant, AETNA is a foreign corporation doing business in Pasco County, Florida.

5. At all times material hereto, Mr. Clark was covered under an employee welfare benefit plan sponsored by his employer, which provided long-term disability insurance benefits through a policy funded and administered by the Defendant AETNA as well as other valuable benefits. A copies of the policy is attached hereto as Exhibit A.

6. The plan is an"employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

7. The policy of long-term disability insurance which funds these benefits is both underwritten and administered by AETNA, which was a fiduciary of the employee benefits plan established by Plaintiff's employer within the meaning of 29 U.S.C. §1104, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8. Defendant AETNA makes the final decision to deny claims under the policy of insurance providing benefits to Mr. Clark and bore the ultimate responsibility for paying said claims for benefits, creating a structural conflict of interest between AETNA's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

9. Defendant AETNA has a serious conflict of interest and Defendant's decision to deny benefits was influenced by this conflict of interest.

10. Defendant AETNA has failed to apply the provisions of the plan consistently

with respect to similarly situated claimants.

11. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

13. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

14. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h),, and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

15. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

16. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

**COUNT ONE**
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against AETNA**

17. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

18. Mr. Clark was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by AETNA at all times material hereto.

19. Defendant AETNA has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by AETNA at all times material hereto.

20. Defendant AETNA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied benefits under the terms of the plan.

21. The Plaintiff Mr. Clark is accordingly entitled to present evidence of disability under the de novo standard to this Honorable Court.

22. The Plaintiff Mr. Clark is entitled to recover attorneys' fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Clark, prays for relief from Defendant AETNA

LIFE INSURANCE COMPANY for benefits due pursuant to the long-term disability insurance policy administered by AETNA under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against AETNA**

23. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically restated therein.

24. Mr. Clark is entitled to long-term disability benefits pursuant to the long-term disability policy funded and administered by AETNA.

25. Defendant AETNA has denied that the Plaintiff, Mr. Clark is entitled to benefits pursuant to the long-term disability policy funded and administered by AETNA.

26. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the long-term disability policy funded by insurance premiums paid to AETNA.

27. Defendant AETNA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1, and has denied that he is entitled to benefits pursuant to the long-term disability policy funded by insurance premiums paid to AETNA.

28. The Plaintiff, Mr. Clark is entitled to a declaration that his long-term

disability benefits are payable under the disability insurance plan established by his employer, and is entitled to present evidence of his disability to this effect under the de novo standard.

29. The Plaintiff, Mr. Clark is entitled to recover attorney's fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Clark prays for relief from Defendant AETNA for reinstatement of benefits pursuant to the long-term disability policy funded and administered by AETNA LIFE INSURANCE COMPANY pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which he may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff